Filed 5/31/24  P. v. Betancourt CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE M. BETANCOURT,<br><br>    Defendant and Appellant. | B332071<br><br>(Los Angeles County<br>Super. Ct. No. BA185377) |

APPEAL from an order of the Superior Court of Los Angeles County, H. Clay Jacke II, Judge.  Affirmed.

Brad J. Poole, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Jose M. Betancourt appeals from an order on his petition for resentencing under Senate Bill No. 483 and Penal Code section 1172.75.[1]  Betancourt's appellate counsel filed a brief under *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Betancourt filed a supplemental brief.  After reviewing the contentions raised in Betancourt's brief, we affirm.

## BACKGROUND

In October 2000, Betancourt was found guilty of first degree murder (§ 187, subd. (a); count 1), first degree burglary (§ 459; count 2), and first degree robbery (§ 211; count 3).  The jury also found true the allegations that Betancourt committed murder during the commission of burglary and robbery (§ 190.2, subds. (a)(17)(A), (a)(17)(G)) and personally used a knife during the commission of the murder (§ 12022, subd. (b)(1)).  Betancourt admitted he had suffered a prior burglary conviction within the meaning of sections 667.5, subdivision (b), 667, subdivision (a)(1), 667, subdivisions (b) through (i), and 1170.12, subdivisions (a) through (d).

The court sentenced Betancourt to life imprisonment without the possibility of parole (LWOP) on count 1, plus one year for the personal use enhancement (§ 12022, subd. (b)(1)), and five years for a prior serious felony conviction (§ 667, subd. (a)(1)).  The court stayed Betancourt's prison prior sentence (§ 667.5, subd. (b)) pursuant to section 654.  The court suspended execution of sentence on counts 2 and 3.

---

[1]     All undesignated statutory references are to the Penal Code.

On July 3, 2023, Betancourt filed a motion for resentencing pursuant to Senate Bill No. 483 and section 1172.75.[2]  The trial court found the prior prison enhancement (§ 667.5, subd. (b)) legally invalid, making Betancourt eligible for resentencing.  At the resentencing hearing, Betancourt's counsel asked the court to exercise its discretion to strike the prior serious felony conviction enhancement (§ 667, subd. (a)(1)) based on Betancourt's "exemplary time in state prison," though she acknowledged the court could not "do anything about the special circumstance allegation."  The prosecutor did not oppose striking the enhancements in the furtherance of justice pursuant to section 1385.

Following argument, the resentencing court struck the prison prior enhancement (§ 667.5) and, recognizing Betancourt's progress in prison, struck the prior serious felony conviction enhancement (§ 667, subd. (a)(1)) and personal use enhancement (§ 12022, subd. (b)(1)).  The court reimposed the LWOP sentence on count 1 based on the true special circumstance allegations (§ 190.7, subd. (a)(17)), imposed and stayed a middle-term of four years on count 2 (§§ 459, 461), and imposed and stayed a middle-term of three years on count 3 (§ 211).

Betancourt asked the resentencing court whether Senate Bill No. 260 and related youthful offender laws applied to his case.  The court told Betancourt it could not render any legal advice.  The court later indicated that, even considering

---

[2]     Although Betancourt filed the petition for resentencing, the record reflects, and the district attorney admitted, that the California Department of Corrections and Rehabilitation identified Betancourt as a person eligible for resentencing pursuant to section 1172.75 before the resentencing hearing.  (*People v. Cota* (2023) 97 Cal.App.5th 318, 332–333)

Betancourt's age at the time of the offense, nothing had been presented that would void his sentence. The court told Betancourt he could file another matter if he felt it applied to his sentence. Betancourt then turned to his attorney at the hearing to ask her how the youthful offender laws could be applied to his case. Betancourt's trial counsel responded that another attorney, Mr. Kim, would address this issue for him. At that point, the court added that it had considered that Betancourt was under 25 years old at the time of the offense when it decided to strike the enhancements.

Betancourt timely appealed.

## DISCUSSION

We appointed counsel to represent Betancourt on appeal. Counsel filed a brief raising no issues and requested this court conduct an independent review of the record to identify arguable issues on appeal. Counsel communicated his intentions to file a no-issue brief to Betancourt and advised him of his right to file a supplemental brief, which he did. We evaluate the arguments raised in that supplemental brief. (See *Delgadillo*, *supra*, 14 Cal.5th at p. 232 ["If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion"].)

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379–380 (*Burgess*).) "Effective January 1, 2020, Senate Bill No. 136 (Stats. 2019, ch. 590) [SB 136] amended section 667.5 by

4

limiting the prior prison term enhancement to only prior terms for sexually violent offenses. [Citations.] Enhancements based on prior prison terms served for other offenses became legally invalid. [Citation.] The amendment was to be applied retroactively to all cases not yet final on January 1, 2020." (*Id*. at p. 380.)

"Later, in 2021, the Legislature enacted Senate Bill No. 483 [SB 483]. This bill sought to make the changes implemented by SB 136 retroactive. [Citation.]" (*Burgess, supra*, 86 Cal.App.5th at p. 380.) "[SB] 483 added section 1171.1 to the Penal Code, which was subsequently renumbered without substantive change as section 1172.75." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 399.) Section 1172.75, subdivision (a) states, in relevant part: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid." "Once the [California] Department of Corrections and Rehabilitation identifies those persons 'currently serving a term for a judgment that includes an enhancement described in subdivision (a)' to the sentencing court, 'the court shall recall the sentence and resentence the defendant.' (§ 1172.75, subds. (b) & (c).)" (*Monroe, supra*, 85 Cal.App.5th at p. 399.)

## A.    The Trial Court Did Not Err by Declining to Reconsider or Strike Appellant's LWOP Sentence

Betancourt contends the trial court erred by failing to reconsider or strike his LWOP sentence on his first degree special circumstance murder conviction. Betancourt argues SB 483 was intended to reduce sentences and promote uniform sentencing.

5

Betancourt maintains he was entitled to modification of his LWOP sentence under section 1172.75.

"Section 1172.75 requires the sentencing court to resentence defendants whose prior sentences include enhancements that are no longer valid or that now provide the court with new discretion to strike them." (*People v. Newell* (2023) 93 Cal.App.5th 265, 268.) "By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements." (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402.) Section 1172.75, subdivision (d)(2) states: "The court shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing."

After finding Betancourt's prison prior enhancement invalid, the trial court properly resentenced Betancourt to a term of LWOP on count 1. LWOP sentences for first degree murder are imposed pursuant to section 190.2, subdivision (a), which states: "The penalty for a defendant who is found guilty of murder in the first degree is death or imprisonment in the state prison for life without the possibility of parole if one or more of the following special circumstances has been found under Section 190.4 to be true: . . . ." Section 190.2 lists numerous special circumstances under which an LWOP sentence may be imposed, including murder committed while the defendant was engaged in the commission of robbery or burglary. (§ 190.2, subds. (a)(17)(A), (a)(17)(G).) Section 190.2 has no provision allowing the court to impose anything lower than an LWOP sentence.

Indeed, an LWOP sentence for first degree murder with special circumstances is a mandatory minimum sentence under

6

the circumstances presented in this case. (See *People v. Ngo* (2023) 89 Cal.App.5th 116, 128 ["The sentence the trial court imposed here, however, was the mandatory minimum: LWOP for first degree murder with special circumstances, . . . . All other terms were either stayed or run concurrently. Thus, the trial court would have no discretion to resentence him to any lower sentence"].) The Legislature has "prescribed an LWOP sentence for only a small number of crimes" that it has deemed so injurious and depraved as to warrant such a sentence. (*In re Williams* (2020) 57 Cal.App.5th 427, 436.) A court generally cannot "second-guess" the Legislature's prerogative in mandating a LWOP sentence for special circumstances first degree murder. (*Ibid.*)

Section 1172.75, subdivision (d) describes the procedures the trial court follows in resentencing a defendant. The trial court resentenced Betancourt in accordance with section 1172.75, imposing an LWOP sentence for first degree murder with special circumstances as required by section 190.2. It did not err in doing so.

## B. Trial Counsel Did Not Provide Ineffective Assistance

Betancourt argues trial counsel provided ineffective assistance by failing to assert the court should strike his LWOP sentence on the basis that he was a youthful offender. Betancourt maintains that when he asked his trial counsel about this matter, she only responded, "Mr. Kim will address you on those matters regarding youthful offender."

"'[T]here is no constitutional right to the effective assistance of counsel' in state postconviction proceedings." (*Delgadillo*, *supra*, 14 Cal.5th at p. 226.) Even assuming such a

7

right exists, however, the record does not show trial counsel erred or that there was prejudice.

Ineffective assistance of counsel requires a showing of two components: (1) counsel's representation fell below an objective standard of reasonableness; and (2) defendant was prejudiced by counsel's deficient performance. (*People v. Medina* (2009) 171 Cal.App.4th 805, 819.) "Prejudice is shown when there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" (*Ibid*.)

Betancourt fails to show his youthful offender argument would have impacted the outcome of the proceeding. In Penal Code section 190.5, the Legislature has provided the trial court with authority to impose a lower sentence for special circumstances first degree murder upon defendants who were under the age of 18 at the time they committed the offense. Betancourt was nearly 25 years of age at the time he committed his offense. Section 190.5 simply does not apply to Betancourt's case.

The trial court found no resentencing relief applied to Betancourt's LWOP sentence. The record does not show the results of the proceeding would have changed had trial counsel sought to lower the LWOP sentence by citing Betancourt's age at the time of the offense. Accordingly, we conclude trial counsel did not provide ineffective assistance of counsel.

## C. Independent Review is Unnecessary

Under *Delgadillo*, "[t]he filing of a supplemental brief or letter does not compel an independent review of the entire record to identify unraised issues." (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.) An independent review "is wholly within the court's

8

discretion . . . ." (*Ibid*.)  There have been no issues raised demonstrating that an independent review of the record is necessary for this matter.  We thus decline the request for an independent review.  We conclude there is no basis for disturbing the trial court's decision.

## DISPOSITION

We affirm the trial court's resentencing order on Betancourt's postconviction petition for resentencing under SB 483 and section 1172.75.

MORI, J.

We concur:

CURREY, P. J.

ZUKIN, J.

9